Behrooz Shariati (State Bar No. 174436)
bshariati@jonesday.com
Laurie Charrington (State Bar No. 229679)
lmcharrington@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:      650-739-3900

Attorneys for Plaintiff
XILINX, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| XILINX, INC.,<br><br>                       Plaintiff,<br><br>            v.<br><br>INVENTION INVESTMENT FUND I LP, INVENTION INVESTMENT FUND II LLC, INTELLECTUAL VENTURES LLC, INTELLECTUAL VENTURES MANAGEMENT LLC, INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II, LLC,<br><br>                       Defendants. | **Case No. 5:11-cv-00671 LHK**<br><br>**XILINX, INC'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS CERTIFICATE OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16 AND F.R.C.P. 7.1** |

Pursuant to Civil Local Rule 7-11, Plaintiff Xilinx, Inc., respectfully submits this Opposition to the Administrative Motion to File Under Seal submitted by Defendants Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC, and Intellectual Ventures II, LLC (collectively "IV") on April 12, 2011.

By its Administrative Motion, IV seeks to file under seal its Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1 and its Civil Local Rule 3-16 Certificate of

1  Interested Parties (collectively referred to as the "Certificate"), and to avoid serving an
2  unredacted copy of its Certificate on Xilinx.  Xilinx has informed IV that it is willing to stipulate
3  to the sealing of IV's Certificate from the public, provided Xilinx's General Counsel receives an
4  unredacted copy of the Certificate. Because IV has not established good cause either (1) why IV's
5  Certificate should not be disclosed to Xilinx, or (2) why an Order from this Court sealing the
6  document and limiting the disclosure to Xilinx's General Counsel would not be sufficient to
7  protect the alleged confidentiality of the information contained therein, IV's Administrative
8  Motion to Seal should be denied.

9        To succeed in its motion, IV must establish that good cause exists to seal the Certificate
10 *and* avoid the requirement under Civil Local Rule 79-5 to serve Xilinx with a copy of the
11 Certificate.  Civil L.R. 79-5(b)(3) ("Counsel seeking to file an entire document under seal must
12 . . . [l]odge with the Clerk *and serve the entire document* . . . ." (emphasis added)).  It is IV's
13 burden to make such a showing.  *See* Fed. R. Civ. P. 26(c); *Reilly v. Medianews Group Inc.*, No.
14 C 06-04332 SI, 2007 U.S. Dist. LEXIS 8139, at *12-13 (N.D. Cal. Jan. 24, 2007) ("For good
15 cause to exist, *the party seeking protection bears the burden of showing specific prejudice or*
16 *harm* will result if no protective order is granted." (emphasis added) (citing *Phillips v. GMC*, 307
17 F.3d 1206, 1210-11 (9th Cir. 2002))).  The only allegation of potential harm IV makes is found in
18 the Declaration of Peter Detkin submitted in support of Defendants' motion:  "Intellectual
19 Ventures has contractual obligations to keep the identity of its investors confidential. . . . Publicly
20 disclosing the identity of those investors could therefore contravene [IV's] contractual
21 obligations.  Such disclosure could also potentially cause competitive harm to [IV's] investors
22 and undermine [IV's] ability to attract additional investors and licensees going forward."  Decl. of
23 Peter N. Detkin in Support of Defs.' Admin. Mot. ¶ 5.  IV does not offer any reason why its
24 Certificate should not be disclosed to Xilinx or Xilinx's General Counsel.  "Broad allegations of
25 harm, unsubstantiated by specific examples or articulated reasoning" such as these offered by IV
26 are insufficient to carry its burden. *Reilly*, 2007 U.S. Dist. LEXIS, at *12.
27       Additionally, Defendants' reliance on an Order issued by Judge Joseph Spero in which
28 Judge Spero granted a motion to seal a certificate of interested entities is misplaced.   Defs.'

1  Admin. Mot. at 2 (citing to Order (ECF No. 9), *Link_A_Media Devices Corp. v. Marvell
2  Semiconductor, Inc.*, No. 3:11-cv-00616-JCS (N.D. Cal. Feb. 14, 2011) ("LAMD")). First,
3  Plaintiffs' Motion to Seal in *LAMD* appears to have been unopposed. *See LAMD* Docket, No.
4  3:11-cv-00616 JCS. Second, in *LAMD*, Plaintiffs and Defendants were competitors, and
5  Plaintiffs sought to seal information that *if exposed to Defendants* would cause competitive harm
6  to Plaintiffs. Neither of these facts are present here. As Xilinx's counsel has informed IV's
7  counsel, Xilinx is willing to stipulate to the sealing of IV's Certificate from the public, provided
8  Xilinx's General Counsel can view the Certificate.

9  IV's reference to Xilinx's motion to seal its Motion to Enjoin is both misplaced and
10 misleading. ECF No. 45 at 3. As counsel for Xilinx explained to IV's counsel, Xilinx was ready
11 and willing to file an unredacted version of its Motion to Enjoin. However, IV requested that
12 Xilinx Move to Seal *from the public* certain materials *related to IV*, which Xilinx agreed to do.
13 Decl. of Laurie Charrington in Support of Plaintiff's Opp'n to Defs.' Admin. Mot. ¶ 3-4. As
14 stated above, in the instant case, Xilinx is willing to stipulate to an order sealing IV's Certificate
15 *from the public*.

16 Regardless of the policy reasons behind Local Rule 3-16, on which IV also relies, absent a
17 showing of good cause IV must serve a copy of its Certificate on Xilinx. Because IV has not
18 made any showing that IV's Certificate should be withheld from Xilinx, IV should provide an
19 unredacted copy of the Certificate to Xilinx's General Counsel. A party should be able to discuss
20 with its counsel the identities of those third parties who have an interest in the litigation. This is
21 particularly the case here, where IV has represented to Xilinx that it is entitled to enforce the
22 patents at issue, and then, has represented to the Court (by way of its Motion to Dismiss) that it
23 does not own the patents and that Xilinx sued the wrong parties. ECF No. 39, IV's Motion to
24 Dismiss at 5-7.

25 For the reasons set forth above, Xilinx respectfully submits that the Court should deny
26 IV's Administrative Motion to Seal its Certificate and Order that IV serve on Xilinx's counsel an
27 unredacted copy of the Certificate, which may be disclosed to Xilinx's General Counsel.

28

| | |
|---|---|
| Dated: April 18, 2011 | Respectfully submitted, |
| | Jones Day |
| | By: /s/ Behrooz Shariati |
| |     Behrooz Shariati |
| | Counsel for Plaintiff |
| | XILINX, INC. |

SVI-91835v1