BLACK & CHANG LLP
Bradford J. Black (SBN 252031)
bblack@blackandchang.com
333 Main Street, Suite 2A
San Francisco, California 94105
Telephone: 415-369-9423
Facsimile: 415-520-6840

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| XILINX, INC., <br><br> Plaintiff, <br><br> v. <br><br> INVENTION INVESTMENT FUND I LP, INVENTION INVESTMENT FUND II LLC, INTELLECTUAL VENTURES LLC, INTELLECTUAL VENTURES MANAGEMENT LLC, INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC, <br><br> Defendants. | **Case No. 3:11-cv-00671-SI** <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS XILINX'S COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> Date: July 29, 2011 <br> Time: 9:00 am <br> Judge: Hon. Susan Illston <br> Courtroom 10, 19th Floor <br><br> **REDACTED VERSION** |

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.    ARGUMENT ........................................................................................................ 3

    A.    Well-Settled Precedent, Which Xilinx Does Not Dispute, Requires Dismissal Of Claims For Which Xilinx Lacks Standing. ................................. 3

    B.    Xilinx's Declaratory Judgment Claims Concerning Non-Infringement And Invalidity Fail To State A Plausible Claim And Must Therefore Be Dismissed Under Fed. R. Civ. P. 12(b)(6). .......................................................... 5

        1.    Xilinx's Declaratory Judgment Claims Concerning Non-Infringement Fail To Provide Any Meaningful Notice To Defendants Or This Court Regarding Xilinx's Claims Or The Precise Relief Xilinx Seeks. .......................................................... 5

        2.    Xilinx's Declaratory Claims Concerning Invalidity Fail To Provide Fair Notice Of Its Claims And, Consistent With This Court's Precedent And The Supreme Court's Guidance In *Twombly* And *Iqbal*, Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6). ...................... 7

    C.    Judicial Economy And Convenience Interests Favor Severance And Transfer Of Overlapping Claims For Consolidation With The Delaware Action, Consistent With The Contemplated Consequence Of The Parties' Negotiations. .................................................................................... 9

        1.    Xilinx's Anticipatory And Duplicative Litigation Does Not Warrant Application Of The First-to-File Rule. ...................................... 10

        2.    Severance And Transfer Of Overlapping Claims For Consolidation With The Delaware Action Will Promote Judicial Economy And The Interests Of Convenience. ................................................................. 11

III.    CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
  626 F.3d 1213 (Fed. Cir. 2010) .................................................................................... 4

*Acco Brands USA LLC v. Hewlett Packard Co.*,
  2011 WL 2516514 (C.D. Cal. June 23, 2011) ............................................................. 6

*Aliphcom v. Wi-LAN*,
  No. 10-CV-02337-LHK, 2010 WL 4699844 (N.D. Cal. Nov. 10, 2010) .................... 11

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................ 5, 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 5, 9

*Bender v. LG Elecs. USA, Inc.*,
  No. C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .................. 6

*Bender v. Motorola, Inc.*,
  No C 09-1245 SBA, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ............................. 6

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sep. 14, 2009) ........................... 6

*Everglades Interactive, LLC v. Playdom, Inc.*,
  No. 10-902-SLR, 2011 WL 2294075 (D. Del. June 8, 2011) ................................... 11

*Fina Research, S.A. v. Baroid Ltd.*,
  141 F.3d 1479 (Fed. Cir. 1998) .................................................................................. 3

*In re Aliphcom*,
  2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011) .............................................. 11

*Intellectual Ventures I LLC v. CheckPoint Software Techs. Ltd.*,
  No. 10-1067-LPS, 2011 WL 2490645 (D. Del. June 22, 2011) ............................... 11

*Interval Licensing LLC v. AOL, Inc.*,
  2010 WL 5058620 (W.D. Wash. 2010) ...................................................................... 9

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) .................................................................................. 3

*Marvell Int'l Ltd. v. Link-A-Media Devices Corp.*,
  No. 10-869-SLR, 2011 WL 2293999 (D. Del. June 8, 2011) ................................... 11

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
  240 F.3d 1016 (Fed. Cir. 2001) .................................................................................. 3

*Monster Cable Prods., Inc. v. Euroflex S.R.L.*,
   642 F. Supp. 2d 1001 (N.D. Cal. 2009) .................................................................................. 5

*Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*,
   No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) ................................... 3

*PB Farradyne, Inc. v. Peterson*,
   No. C 05-03447 SI, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006) ......................................... 8

*Qarbon.com Inc. v. eHelp Corp.*,
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) .................................................................................. 8

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) ................................................................................................ 4

*Smugmug, Inc. v. Virtual Photo Store LLC*,
   No. C 09-2255 CW, 2009 WL 2488003 (N.D. Cal. Aug. 13, 2009) ...................................... 5

*Top Victory Elecs. v. Hitachi Ltd.*,
   No. 10-01579-CRB, 2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ................................. 3, 4

*Vistan Corp. v. Fadei USA, Inc.*,
   2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) .................................................................. 6, 8

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*,
   No. C-10-4458 EMC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) ....................... 2, 6, 7, 8

*Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*,
   609 F.3d 1308 (Fed. Cir. 2010) .............................................................................................. 8

*XPRT Ventures, LLC v. eBay, Inc.*,
   No. 10-595-SLR, 2011 WL 2270402 (D. Del. June 8, 2011) .............................................. 11

## I. INTRODUCTION

Facing an imminent deadline for being added as a defendant in a litigation already pending before the District of Delaware, Xilinx rushed to the courthouse here and filed an anticipatory declaratory judgment complaint. Xilinx's complaint asserts declaratory judgment claims regarding four patents already at issue in the Delaware Action and—in a clear attempt to anchor its anticipatory suit in this forum—additional claims regarding twelve patents not at issue in Delaware. But as Defendants explained in their opening brief, Xilinx's rush to the courthouse produced a complaint riddled with inconsistencies, errors, and other fatal flaws requiring dismissal. Xilinx's arguments in opposition uniformly fail to remedy the defects in its shoddy complaint. This Court should therefore sever and transfer the overlapping claims to the District of Delaware—the long-foreseen consequence of a breakdown in the parties' negotiations. Xilinx's remaining claims, as outlined below, should be dismissed.

*First*, Xilinx failed to name as defendants the owners of seven Patents-in-Suit. That fundamental oversight deprives Xilinx of standing to pursue claims concerning the seven affected patents. Unable to dispute those dispositive facts, Xilinx resorts to dramatic accusations of fraud and suggests that **Defendants** bear the burden of establishing the *absence* of standing. Those arguments lack merit. The non-party owners of the seven affected patents retain both title in the seven affected patents and the right to bring suit for infringement. Under black-letter law, ignored entirely by Xilinx, they are therefore necessary parties to this action—regardless of any rights the named Defendants might have in those patents. ████████████████████████████████████████████ Accordingly, Xilinx lacks standing to assert its declaratory judgment claims of non-infringement, invalidity, and lack of standing with respect to those seven Patents-in-Suit. Those claims should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(7).

*Second,* as outlined in Defendants' opening brief, Xilinx's bare-bones complaint fails to set forth factual allegations sufficient to state a claim for declaratory relief for non-infringement or invalidity of any of the Patents-in-Suit. Unable to justify the complete lack of factual allegations in its complaint, Xilinx is left to argue that this Court should presume that Defendants are on notice of Xilinx's claims by virtue of claim charts provided by certain Defendants during license negotiations. But Xilinx has not limited its proposed declaratory relief to the patents, claims, and products addressed in those charts. And as this Court most recently explained, unless specific products are identified in the declaratory judgment complaint, "there simply is no way to adjudicate an infringement claim, [and] there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*." *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at *12 (N.D. Cal. Apr. 28, 2011). Moreover, while two recent cases in this District have tolerated boilerplate allegations of invalidity, sound policy justifications and the principles underlying this Court's other precedent support faithful adherence to the Supreme Court's guidance in *Twombly* and *Iqbal*. Accordingly, Xilinx's declaratory judgment claims of non-infringement and invalidity should be dismissed under Fed. R. Civ. P. 12(b)(6).

*Finally*, twelve of Xilinx's claims are mirror-image declaratory counts that parallel claims and defenses raised in an action against Xilinx (and three of Xilinx's competitors) in the District of Delaware. Defendants have accordingly requested severance and transfer of those claims to Delaware so that Xilinx can simply be added to the pre-existing Delaware Action—the contemplated consequence of a breakdown in negotiations between the parties. In response, Xilinx rehashes its earlier argument that this action was "first-filed." But as outlined in Defendants' Opposition to Xilinx's Motion to Enjoin (D.I. 67), Xilinx's anticipatory litigation does not warrant application of the "first-to-file" rule. And even if this Court permits Xilinx to clarify its pleadings to state a claim for relief, judicial economy favors severance and transfer of overlapping claims to the District of Delaware, so that only

one Court needs to address the issues of scope, infringement, and validity of the overlapping patents.

## II.   ARGUMENT

### A.   Well-Settled Precedent, Which Xilinx Does Not Dispute, Requires Dismissal Of Claims For Which Xilinx Lacks Standing.

Xilinx does not (and cannot) dispute that its claims must be dismissed where it has failed to name the owners of a Patent-in-Suit. As outlined in Defendants' opening brief, "[i]n order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement." *Top Victory Elecs. v. Hitachi Ltd.*, No. 10-01579-CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010) (citing *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998)). Dismissal is therefore warranted where a declaratory plaintiff fails to name the owner, assignee, or exclusive licensee of a patent-in-suit as a defendant. *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL 1691862, at *2 (N.D. Cal. Apr. 23, 2010) (citing *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001)).

Unable to dispute established precedent or its own failure to name the patent owners, assignees, or exclusive licensees of seven Patents-in-Suit as defendants in its defective complaint, Xilinx is left to speculate that the information on the PTO's assignment database is "not conclusive." (D.I. 64 at 6) But that assertion is false. The PTO assignment database records submitted with Defendants' opening brief accurately reflect the ownership of the '251, '736, '165, '331, '350, '497, and '061 patents. (Declaration of Joseph F. Chernesky ("Chernesky Decl.") ¶¶ 2-4) That fact alone warrants dismissal—regardless of any rights held by the named Defendants in this action. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). Xilinx's repeated allegation that the named Defendants have failed to prove that they *lack* rights in the Patents-in-Suit is therefore irrelevant.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Xilinx's remaining arguments likewise cannot cure its standing defect. For instance, Xilinx asks this Court to disregard established precedent requiring dismissal because Defendants allegedly represented ownership of the seven affected patents and "offer no proof to the contrary." (D.I. 64 at 6)  Xilinx cites no authority for the proposition that Defendants must prove lack of standing. Indeed, Courts have uniformly held the opposite—it is the declaratory plaintiff that bears the burden of establishing standing. *See, e.g., Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("The party bringing the action bears the burden of establishing that it has standing."). And Xilinx's unsubstantiated assertion that Defendants represented ownership of the affected patents—even if true—is legally irrelevant. *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010) (explaining that a party's unilateral representation of its patent rights does not control in determining standing). Indeed, Xilinx's dramatic suggestion of fraud is remarkable considering that Xilinx **affirmatively pleads** in its complaint that the named Defendants "lack standing to enforce" fourteen Patents-in-Suit.[1]

In sum, because Xilinx failed to name the owners of the '251, '736, '165, '331, '350, '497, and '061 patents, all of Xilinx's claims concerning those patents—including declaratory judgment claims for non-infringement, invalidity, and lack of standing to enforce—must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7).[2] *Top Victory*, 2010 WL 4722482, at *2.

---

[1] As explained in Defendants' opening brief and further herein, no genuine dispute over ownership or standing exists between Xilinx and four of the named Defendants—Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC and Intellectual Ventures Management LLC—because those Defendants do not own any of the Patents-in-Suit or possess the right to sue on those patents. Accordingly, no case or controversy exists between Xilinx and those Defendants. Xilinx's claims against those Defendants must therefore be dismissed under Fed. R. Civ. P. 12(b)(1).

[2] As described in Defendants' opening brief, Xilinx's anticipatory complaint failed to adequately plead any basis for its assertion of personal jurisdiction over Defendants

### B. Xilinx's Declaratory Judgment Claims Concerning Non-Infringement And Invalidity Fail To State A Plausible Claim And Must Therefore Be Dismissed Under Fed. R. Civ. P. 12(b)(6).

#### 1. Xilinx's Declaratory Judgment Claims Concerning Non-Infringement Fail To Provide Any Meaningful Notice To Defendants Or This Court Regarding Xilinx's Claims Or The Precise Relief Xilinx Seeks.

While Xilinx's complaint spans 270 paragraphs and asserts 46 separate counts, Xilinx fails to identify a single accused product in its complaint. Indeed, Xilinx fails to even *define* "Accused Products"—a term Xilinx uses for the first and only time in the complaint's Prayer for Relief. Such bare-bones allegations fail to state a plausible claim for relief, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Rather, a complaint must allege enough facts to push the claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). As such, adequate pleading of a declaratory judgment claim for patent non-infringement requires

---

Intellectual Ventures I LLC ("IV-I") and Intellectual Ventures II LLC ("IV-II"). And despite dedicating over three pages of its opposition brief to the issue, Xilinx still provides no cogent articulation of its theory of personal jurisdiction over IV-I and IV-II. As such, it remains unclear whether Xilinx asserts personal jurisdiction under an agency theory (which requires at least a showing of day-to-day control over corporate subsidiary), an alter ego theory (which requires showing unity of interest and ownership such that observation of corporate distinction would sanction a fraud or promote injustice), or some other basis for personal jurisdiction. *See, e.g., Monster Cable Prods., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1008 (N.D. Cal. 2009) (finding that alleged facts failed to support agency or stream-of-commerce theories of personal jurisdiction); *Smugmug, Inc. v. Virtual Photo Store LLC*, No. C 09-2255 CW, 2009 WL 2488003, at *4 (N.D. Cal. Aug. 13, 2009) (denying jurisdictional discovery for plaintiff's failure to allege facts sufficient to support alter ego theory). Significant questions therefore remain as to whether Xilinx can establish a *prima facie* showing of personal jurisdiction. Nevertheless, to the extent this Court does not transfer or dismiss Xilinx's claims on other grounds, to avoid the burden and expense of further motion practice and/or jurisdictional discovery, IV-I and IV-II will consent to personal jurisdiction in this action.

DEFENDANTS' REPLY ISO MOTION TO DISMISS                                        PAGE 5
Case No. 3:11-cv-00671-SI

at least an identification of the specific products the plaintiff contends do not infringe. "[W]ithout identifying the accused products, there simply is no way to adjudicate an infringement claim." *Wistron*, 2011 WL 1654466, at *12. "Absent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*." *Id*. Courts in this District have therefore routinely dismissed infringement claims devoid of factual allegations. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc*., No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009); *Bender v. Motorola, Inc*., No C 09-1245 SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010); *Bender v. LG Elecs. USA, Inc*., No. C 09-02114 JF (PVT), 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010); *Wistron*, 2011 WL 1654466, at *12.

Xilinx includes only a formulaic recitation in each of its 46 separate counts that "certain integrated circuits" do not infringe the Patents-in-Suit. Such bare-bones allegations fail to provide Defendants with any meaningful notice of the claims they must defend. *Wistron*, 2011 WL 1654466, at *2; s*ee also Acco Brands USA LLC v. Hewlett Packard Co*., 2011 WL 2516514, at *2 (C.D. Cal. June 23, 2011) ("Plaintiff's Complaint states only that Defendants' 'products' infringe. Moving Defendants sell, manufacture and use a multiplicity of 'products.' Without any sort of factual specificity in the Complaint, Moving Defendants have no notice of the claims they are required to meet and defend."). Indeed, Xilinx's failure to identify even a single accused product for any Patent-in-Suit leaves the Court with "simply [ ] no way to adjudicate an infringement claim." *Wistron*, 2011 WL 1654466, at *12.[3]

---

[3] Xilinx cites only one other case from this District to support its argument that its boilerplate allegations of non-infringement, without more, satisfy the pleading requirements of *Twombly* and *Iqbal*. (D.I. 64 at 11 (citing *Vistan Corp. v. Fadei USA, Inc*., 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011)). But the *Vistan* court considered defendant's boilerplate ***counterclaims*** for a declaration of non-infringement and invalidity. On the other hand, *Wistron*—decided after *Vistan*—considered the propriety of a ***plaintiff's declaratory judgment claims*** of non-infringement and held that the declaratory plaintiff's failure to identify any specific products (as here) rendered its non-infringement declaratory judgment claim insufficient under *Twombly* and *Iqbal*.

DEFENDANTS' REPLY ISO MOTION TO DISMISS                                                              PAGE 6
Case No. 3:11-cv-00671-SI

Unable to articulate how boilerplate references to "certain integrated circuits" and undefined "accused products" could remotely provide meaningful notice of its claims and requested relief, Xilinx alternatively argues that its bare allegations nonetheless provide adequate notice in light of claim charts certain Defendants provided to Xilinx. (D.I. 64 at 13) But Xilinx cannot explain why—to the extent specific products and claims identified in claim charts indeed form the basis of Xilinx's claims and requested relief—those products and claims are not identified in Xilinx's complaint. Moreover, claim charts were provided for only nine of the sixteen Patents-in-Suit. (D.I. 66, Ex. 11) Plainly, Xilinx's vague references to "certain integrated circuits" cannot provide adequate notice of the relief Xilinx requests with respect to the seven Patents-in-Suit for which claim charts were not provided.

Xilinx's declaratory judgment claims of non-infringement should be dismissed under Fed. R. Civ. P. 12(b)(6). In the alternative, Xilinx should be required to amend its complaint to identify the specific relief it requests, including an identification for each Patent-in-Suit of the specific products Xilinx contends do not infringe, so that Defendants can adequately respond. As the *Wistron* court noted, declaratory judgment defendants cannot meaningfully assess the nature of any potential counterclaims in the face of bare allegations such as those asserted by Xilinx—and indeed, declaratory judgment defendants risk having any counterclaims barred as a result. *Wistron*, 2011 WL 1654466, at *12. Once Xilinx pleads its claims with adequate specificity, Defendants can begin to meaningfully assess whether—as a constitutional or practical matter—an actual case or controversy exists, as well as decide on an appropriate response to Xilinx's remaining allegations.

    **2.** **Xilinx's Declaratory Claims Concerning Invalidity Fail To Provide Fair Notice Of Its Claims And, Consistent With This Court's Precedent And The Supreme Court's Guidance In *Twombly* And *Iqbal*, Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).**

Like its infringement claims, Xilinx's declaratory judgment claims are entirely devoid of factual allegations. In each of its sixteen counts concerning invalidity, Xilinx asserts

1  simply that the Patents-in-Suit "fail[] to comply with one or more of the requirements of the
2  patent laws of the United States, including, *without limitation*, 35 U.S.C. §§ 101, 102, 103,
3  and/or 112."  This Court has routinely dismissed invalidity claims for doing no more than
4  citing to the patent statutes.  For instance, in *PB Farradyne*, this Court dismissed a
5  declaratory plaintiff's allegation that the patents-in-suit "are invalid for failure to meet one or
6  more of the requirements of Title 35, United States Code, including the requirements of
7  sections 102, 103, 112 and/or other applicable statutes."  *PB Farradyne, Inc. v. Peterson*, No.
8  C 05-03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006).  "[S]uch general,
9  conclusory allegations are insufficient because they do not provide fair notice of plaintiff's
10 claims."  *Id.; see also, e.g., Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050
11 (N.D. Cal. 2004) (dismissing as "radically insufficient" counterclaim for declaratory
12 judgment of invalidity based on "wholly conclusory allegations" that the patent-in-suit was
13 "invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq*., and
14 specifically, §§ 101, 102, 103, and/or 112"); *Wordtech Sys., Inc. v. Integrated Networks*
15 *Solutions, Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010) (noting that allegation that "the claims
16 of the Patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102,
17 103, and/or 112" provides "little notice.").  As outlined in Defendants' opening brief,
18 Xilinx's invalidity declaratory judgment claims are virtually identical to those found
19 deficient by this Court in *PB Farradyne*, *Qarbon.com*, and other established precedent.
20       Two recent decisions by other Courts in this District have found that mere citation to
21 patent statutes can in some circumstances constitute sufficient notice to survive a motion to
22 dismiss.  *Vistan*, 2011 WL 1544796; *Wistron*, 2011 WL 1654466.  In *Wistron*, the Court
23 reasoned that requiring a heightened pleading of invalidity could circumvent this Court's
24 Patent Local Rules, which provide for exchange of invalidity contentions after the pleadings
25 have closed.  *Wistron*, 2011 WL 1654466, at *11.  As such, the Court reasoned, the Patent
26 Local Rules fulfill the heightened pleading requirement of *Twombly* and *Iqbal*.  *Id*.
27
28 DEFENDANTS' REPLY ISO MOTION TO DISMISS                                              PAGE 8
   Case No. 3:11-cv-00671-SI

But in *Twombly*, the Supreme Court specifically rejected the use of case management tools such as the Patent Local Rules' invalidity contentions, even early in the discovery process, as a substitute for meeting the pleading requirement of Rule 8. *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management.") (internal quotations omitted). Indeed, the Court reiterated the point in its follow-up decision in *Iqbal*, noting that "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. As such, the fact that Local Patent Rules provide for exchange of detailed invalidity contentions cannot justify the heightened **pleading** requirement of *Twombly* and *Iqbal*. *See, e.g., Interval Licensing LLC v. AOL, Inc.*, 2010 WL 5058620, at *3 (W.D. Wash. 2010) ("Local Rules do not trump the Federal Rules of Civil Procedure or the Supreme Court's mandate in *Twombly* and *Iqbal*."). Defendants therefore respectfully urge that this Court follow the reasoning outlined in its decisions in *PB Farradyne*, *Qarbon.com*, and similar cases—which faithfully adhere to the Supreme Court's guidance in *Twombly* and *Iqbal*—to dismiss Xilinx's bare-bones invalidity allegations pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Judicial Economy And Convenience Interests Favor Severance And Transfer Of Overlapping Claims For Consolidation With The Delaware Action, Consistent With The Contemplated Consequence Of The Parties' Negotiations.

As Xilinx acknowledges, it faced an imminent deadline for being added as a defendant in the Delaware Action. Xilinx therefore rushed to the courthouse here and filed an anticipatory declaratory judgment complaint asserting claims regarding the four patents at issue in the Delaware Action and—hoping to help anchor its anticipatory suit in this forum— additional declaratory judgment claims concerning twelve patents not being litigated in the Delaware Action. Those tactics should not be rewarded. Severance and transfer of

overlapping claims for consolidation in the Delaware Action would promote judicial economy and fulfill the contemplated consequence of the parties' negotiations from the outset.

### 1. Xilinx's Anticipatory And Duplicative Litigation Does Not Warrant Application Of The First-to-File Rule.

In its opposition brief, Xilinx simply rehashes its earlier argument that this action was "first-filed." But as outlined in Defendants' Opposition to Plaintiff's Motion to Enjoin, even if this Court finds that this action was "first-filed," departure from the first-to-file rule is fully justified in this case. (*See* D.I. 67 at 4-7) Facing an imminent deadline to being added as a defendant in the already-pending Delaware Action against three of Xilinx's competitors, Xilinx filed its anticipatory complaint in this action. As such, this action falls well within the anticipatory suit exception to the first-to-file rule. (*See id.*)

Xilinx's reliance on the existence of non-overlapping claims to defeat severance and transfer is similarly misplaced. Seeking to cement its anticipatory suit in this forum, Xilinx tacked on declaratory judgment claims on twelve patents not being litigated in the Delaware Action. But as outlined above and in Defendants' Opposition to Plaintiff's Motion to Enjoin, Xilinx's bare-bones pleadings fail to state a plausible claim for relief, let alone demonstrate that an actual case or controversy exists with respect to those patents under the Declaratory Judgment Act. (*See id.* at 9) Indeed, to the extent Xilinx's remaining claims are not dismissed, any determination of which party was first to file may hinge on the nature and extent of the amendments Xilinx must make in order to state a plausible claim for relief. (*See id.* at 9-11) And Xilinx can always resolve any professed concern regarding litigation of its declaratory claims in two District Courts by simply dismissing its claims based on non-overlapping patents and reasserting them in Delaware if it so chooses.

### 2. Severance And Transfer Of Overlapping Claims For Consolidation With The Delaware Action Will Promote Judicial Economy And The Interests Of Convenience.

The balance of convenience and judicial economy also warrant departure from the first-to-file rule and weigh strongly in favor of severance and transfer of overlapping claims for consolidation. The Delaware Action involves claims of infringement against Xilinx (and three of Xilinx's competitors) on four patents that Xilinx now includes in this action—the '325, '087, '646, and '669 patents. Those claims will proceed in the Delaware Action regardless of the outcome here.[4]

If Xilinx's claims regarding those four patents are permitted to proceed here, both this Court and the Delaware Court will have to make rulings regarding the scope, meaning, and validity of patent claims common to both actions. Both Courts will be required to conduct separate *Markman* hearings for claim construction. As this Court has previously recognized, maintenance of two litigations involving the same patents "would unavoidably result in unnecessary duplication of judicial efforts, with a resulting risk of inconsistent results as the actions progress in each Court." *Aliphcom v. Wi-LAN*, No. 10-CV-02337-LHK, 2010 WL 4699844, at *3 (N.D. Cal. Nov. 10, 2010) (noting that departure from first-to-file rule was warranted and granting transfer of claims for consolidation with pre-existing litigation), *writ of mandamus denied*, *In re Aliphcom*, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011). Moreover, as Defendants have previously explained, maintenance of two separate actions on

---

[4] Xilinx makes much of the fact that defendants in the Delaware Action have moved to transfer. But the Delaware Court has already determined that Delaware is "home turf" for Intellectual Ventures I LLC, which entitles its choice of the Delaware forum to "paramount consideration" under the law of that District. *See Intellectual Ventures I LLC v. CheckPoint Software Techs. Ltd.*, No. 10-1067-LPS, 2011 WL 2490645, at *4 (D. Del. June 22, 2011) (denying motion to transfer to the Northern District of California). Furthermore, all of the defendants in the Delaware Action (including Xilinx) are incorporated in Delaware and maintain worldwide operations—factors strongly disfavoring transfer under prevailing case law in the District of Delaware. *See, e.g., Marvell Int'l Ltd. v. Link-A-Media Devices Corp.*, No. 10-869-SLR, 2011 WL 2293999 (D. Del. June 8, 2011); *XPRT Ventures, LLC v. eBay, Inc.*, No. 10-595-SLR, 2011 WL 2270402 (D. Del. June 8, 2011); *Everglades Interactive, LLC v. Playdom, Inc.*, No. 10-902-SLR, 2011 WL 2294075 (D. Del. June 8, 2011). As such, Delaware defendants' motions to transfer are unlikely to succeed.

DEFENDANTS' REPLY ISO MOTION TO DISMISS                                                          PAGE 11
Case No. 3:11-cv-00671-SI

opposite coasts involving the same patents would impose significant burdens on potential witnesses, particularly non-party witnesses. On the other hand, severance and transfer of overlapping claims for consolidation in the District of Delaware ensures that issues of scope, infringement, and validity of the overlapping patents proceed in one Court.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing all claims in the declaratory judgment complaint. In the alternative, Defendants respectfully request that this Court enter an order severing and transferring overlapping claims to the District of Delaware for consolidation with Case No. 10-cv-1065.

Date: July 15, 2011

Respectfully submitted,

BLACK & CHANG LLP
Bradford J. Black (SBN 252031)

DESMARAIS LLP
John M. Desmarais
Michael P. Stadnick

By: /s/ Michael P. Stadnick
Michael P. Stadnick

*Attorneys for Defendants*

DEFENDANTS' REPLY ISO MOTION TO DISMISS
Case No. 3:11-cv-00671-SI

PAGE 12