BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94104
Telephone: 415-813-6210
Facsimile:  415-813-6222

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| XILINX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Defendants. | **Case No. 3:11-cv-0671-SI**<br><br>**DEFENDANTS' MOTION TO DISMISS XILINX'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Date:  December 2, 2011<br>Time:  9:00 am<br>Judge: Hon. Susan Illston<br>Courtroom 10, 19th Floor |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 2

III. ARGUMENT ....................................................................................................................... 5

    A. Counts Five Through Ten Of Xilinx's Second Amended Complaint Present No Definite And Concrete Controversy Of Sufficient Immediacy And Reality To Sustain Declaratory Judgment Jurisdiction. ........................................................................... 5

        1. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '301 Patent Non-Infringement Claims. .................................................. 6

        2. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '865 Patent Non-Infringement Claims. .................................................. 9

        3. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '001 Patent Non-Infringement Claims. ............................................... 10

    B. Xilinx's Declaratory Judgment Claims Concerning Invalidity Fail Because No Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For The '865, '001, and '301 Patents. ..................................................................................... 11

    C. Xilinx's Declaratory Judgment Claims Should Be Dismissed For Lack Of Declaratory Judgment Jurisdiction And Failure To State A Claim To The Extent That They Seek Declaratory Relief Of Non-Infringement For "All" Xilinx Products. ......................... 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
  172 F.3d 852 (Fed. Cir. 1999) .......................................................................................... 8

*Aralac, Inc. v. Hat Corp. of Am.*,
  166 F.2d 286 (3d Cir. 1948) ....................................................................................... 6, 11

*Ass'n for Molecular Pathology v. United States PTO*,
  99 U.S.P.Q.2d 1398 (Fed. Cir. 2011) ............................................................................. 5

*Bender v. Motorola, Inc.*,
  No. C 09-1245 SBA, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ............................... 12

*Benetic Austl. Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007) ...................................................................................... 7

*Creative Compounds, LLC v. Starmark Labs.*,
  99 U.S.P.Q.2d 1168 (Fed. Cir. 2011) ........................................................................ 6, 11

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................................. 5, 12

*Microchip Tech. Inc. v. Chamberlain Group*,
  441 F.3d 936 (Fed. Cir. 2006) ...................................................................................... 11

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ...................................................................... 5, 6, 10, 11

*Sharper Image Corp. v. Honeywell Int'l, Inc.*,
  No. C 02-4860 CW, 2005 WL 2176903 (N.D. Cal. Aug. 31, 2005) ............................... 8

*Sierra Applied Scis., Inc. v. Advanced Energy Indus.*,
  363 F.3d 1361 (Fed. Cir. 2004) ...................................................................................... 8

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ......................................................................................................... 6

*Teva Pharms. USA, Inc. v. Eisai Co.*,
  620 F.3d 1341 (Fed. Cir. 2010) ...................................................................................... 6

*Trend Micro Corp. v. WhiteCell Software, Inc.*,
  No C 10-02248-WHA, 2011 WL 499951 (N.D. Cal. Feb. 8, 2011) ............................... 6

*Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*,
  813 F.2d 1553 (9th Cir. 1987) ....................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ................................................................................................ passim

1  PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 12 and Civil L.R. 7-2, Defendants Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively, "Defendants") respectfully move to dismiss Counts Five through Ten of Plaintiff Xilinx, Inc.'s ("Xilinx's") Second Amended Complaint For Declaratory Judgment Of Patent Non-Infringement And Invalidity (D.I. 100) (the "Second Amended Complaint"). This motion will be heard on December 2, 2011, at 9:00 am, or as soon thereafter as the matter can be heard by the Honorable Susan Illston in Courtroom 10 of the above-titled Court.

Defendants' motion is further based on the below memorandum of points and authorities, the supporting declaration filed concurrently herewith, all pleadings, exhibits and papers on file in this action, and any other matters properly before the Court.

## I. INTRODUCTION

This Court already once dismissed Xilinx's declaratory judgment claims alleging non-infringement and invalidity of the Patents-in-Suit in this action because Xilinx failed to identify specific products alleged not to infringe and pled wholly conclusory invalidity allegations. (D.I. 86) To the extent that Xilinx has now attempted to correct the lack of specificity in its original Complaint, Xilinx's amendments serve only to demonstrate its inability to plead a real and immediate controversy sufficient to support declaratory judgment claims challenging the infringement or validity of at least three Patents-in-Suit—U.S. Patent Nos. 6,687,865 ("the '865 patent"), 6,698,001 ("the '001 patent"), and 7,080,301 ("the '301 patent"). Xilinx's non-infringement and invalidity claims as to those three patents should therefore be dismissed again.

Specifically, Xilinx's non-infringement claims concerning the '865, '001, and '301 patents seek declarations of non-infringement for products that have not been accused of infringement. As for the '865 and '001 patents, Xilinx fails to allege—and cannot demonstrate—that either the Defendants or their licensing representatives made infringement accusations regarding any specific Xilinx products. As for the '301 patent, the Defendants'

1  licensing representatives did inform Xilinx that it may need to take a license if it later
2  incorporated certain third-party technology in future Xilinx products, and Xilinx's
3  declaratory judgment claims therefore appear to address unspecified *future* products.  Yet
4  Xilinx fails to provide factual allegations suggesting (1) that the ultimate design of those
5  products is substantially final, or (2) that launch of those products is imminent.  Without such
6  allegations, let alone facts to support them, Xilinx falls far short of demonstrating a real and
7  present dispute between the parties sufficient to support declaratory judgment jurisdiction.
8  And without demonstrating a case or controversy sufficient to support declaratory judgment
9  jurisdiction concerning infringement, Xilinx's declaratory judgment claims concerning
10  invalidity of the '865, '001, and '301 patents also fail.  Counts Five through Ten of the
11  Second Amended Complaint should therefore be dismissed under Rules 12(b)(1) and/or
12  12(b)(6) of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND



1 ▮

2 ▮

3 ▮

On February 14, 2011, Xilinx filed in this Court a declaratory judgment complaint asserting non-infringement and invalidity of 16 patents, including the '865, '001, and '301 patents. (D.I. 1) On April 11, 2011, Defendants filed a motion to dismiss certain claims of Xilinx's complaint for lack of standing and failure to state a plausible claim. Defendants moved in the alternative to sever and transfer the claims concerning patents at issue in a co-pending Delaware action. (D.I. 39) On the same day, Xilinx filed a motion to enjoin the co-pending Delaware action. (D.I. 41)

On July 27, 2011, this Court denied Xilinx's motion to enjoin the Delaware action. (D.I. 86) This Court further transferred four of the patents asserted in Xilinx's complaint to Delaware, dismissed seven of the patents for lack of standing, and dismissed the remaining five patents for insufficient pleading.[1] (*Id.*) This Court also dismissed four named defendants without leave to amend—Invention Investment Fund I LLC, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC—because none of those parties were owners or assignees of any of the patents-in-suit in Xilinx's initial complaint. (*Id.*)

On August 18, 2011, Xilinx filed a First Amended Complaint. (D.I. 90) Upon review, Defendants discovered that Xilinx's First Amended Complaint continued to suffer

---

[1] On September 21, 2011, before filing its Second Amended Complaint in this action, Xilinx moved in the Delaware Action to stay its own claims concerning the four patents that this Court transferred to Delaware. (C.A. No. 11-666-LPS, D.I. 98) Xilinx argued that those claims should be stayed because reexamination proceedings initiated by Xilinx are currently pending in the United States Patent and Trademark Office ("USPTO"). Four of the five Patents-In-Suit in the Second Amended Complaint are also currently involved in Xilinx-initiated USPTO reexamination proceedings. In response to Defendants' inquiries concerning its inconsistent conduct in the Delaware and California actions, Xilinx responded that it intended to move forward with its declaratory judgment claims in this Court in order to preserve a foothold in California should Defendants ever elect to proceed with infringement claims on the Patents-in-Suit. (*See* Modi Decl. at ¶ 12, Ex. J)

myriad defects: (1) it sought improper declaratory relief for lack of standing against previously dismissed defendants Intellectual Ventures LLC and Intellectual Ventures Management LLC; (2) it still failed to identify specific products or conduct alleged not to infringe the asserted patents; (3) it still disclosed no factual basis for its invalidity allegations under 35 U.S.C. §§ 101 and 112; and (4) it provided no basis for declaratory judgment jurisdiction for the '865, '001, and '301 patents. Seeking to avoid the burden, delay, and expense of further motion practice, Defendants repeatedly requested—through correspondence and telephone discussions—that Xilinx agree to again amend its complaint to correct those defects. (Modi Decl. at ¶¶ 2-6, Exs. A-D) Ultimately, Xilinx agreed to file another amended pleading. (D.I. 100)

On September 30, 2011, Xilinx filed a Second Amended Complaint seeking a declaration of non-infringement and invalidity for U.S. Patent Nos. 6,252,527 ("the '527 patent"), 6,408,415 ("the '415 patent"), 6,687,865 ("the '865 patent"), 6,698,001 ("the '001 patent"), and 7,080,301 ("the '301 patent"). [2] In the Second Amended Complaint, Xilinx dropped its defective standing claims and attempted to incorporate additional specificity into the factual allegations concerning its non-infringement and invalidity claims. But Xilinx ignored Defendants' objections concerning Xilinx's defective pleading of declaratory judgment jurisdiction, and the Second Amended Complaint therefore still fails to sufficiently plead a case or controversy for declaratory relief with respect to the '865, '001 and '301 patents.

On October 13, 2011, again seeking to avoid further motion practice, Defendants contacted counsel for Xilinx to request an explanation of Xilinx's basis for alleging that Defendants had accused Xilinx of current or past infringement of the '865, '001, and '301 patents. (Modi Decl. at ¶ 10, Ex. H) Rather than providing a substantive response, counsel for Xilinx stated that Defendants should "think long and hard before filing" a motion to

---

[2] Xilinx refused to allow Defendants to review and comment on its Second Amended Complaint before filing. (Modi Decl. at ¶ 7, Ex. E)

dismiss the Second Amended Complaint, asserting that Xilinx could—"with very little effort"—defeat such a motion. (*Id*. at ¶ 11, Ex. I) Counsel for Xilinx provided no further explanation. Accordingly, neither Xilinx's Second Amended Complaint nor Defendants' subsequent efforts to confer with Xilinx have elucidated any cogent theory of declaratory judgment jurisdiction over Xilinx's claims concerning the '865, '001, and '301 patents. Defendants therefore bring this motion to dismiss Counts Five through Ten of Xilinx's Second Amended Complaint.

### III. ARGUMENT

**A.  Counts Five Through Ten Of Xilinx's Second Amended Complaint Present No Definite And Concrete Controversy Of Sufficient Immediacy And Reality To Sustain Declaratory Judgment Jurisdiction.**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Australia, Ltd. v. Nucleonics, Inc*., 495 F. 3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007)). To determine whether an "actual controversy" exists in actions involving a claim for a declaration of patent invalidity or non-infringement, a declaratory judgment plaintiff must allege both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity. *Ass'n for Molecular Pathology v. United States PTO*, 99 U.S.P.Q.2d 1398 (Fed. Cir. 2011) (citations omitted).

The fear that a party will bring an infringement action is not enough to establish declaratory judgment jurisdiction. *Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329,

1338 (Fed. Cir. 2008) ("The existence of a patent is not sufficient to establish declaratory judgment jurisdiction."); *see also Trend Micro Corp. v. WhiteCell Software, Inc.*, No C 10-02248-WHA, 2011 WL 499951, *4 (N.D. Cal. Feb. 8, 2011) ("The fact that [defendant] has positioned itself to be able to sue [plaintiff] on the '744 patent and is keeping open the option of doing so at some indefinite time in the future does not create a real and immediate controversy between [defendant] and [plaintiff]."). "Further, the plaintiff's injury must be 'fairly traceable' to the defendant's conduct." *Teva Pharms. USA, Inc. v. Eisai Co.*, 620 F.3d 1341, 1346 (Fed. Cir. 2010) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998)).

Absent an underlying legal cause of action between two parties, there is no dispute sufficient to establish a legal adverse interest as to the validity of a patent. *See Creative Compounds, LLC v. Starmark Labs.*, 99 U.S.P.Q.2d 1168, *33 (Fed. Cir. 2011) (Vacating summary judgment of invalidity because the district court lacked declaratory judgment jurisdiction); *Aralac, Inc. v. Hat Corp. of Am.*, 166 F.2d 286, 295 (3d Cir. 1948) ("Where a person is not engaged in possible infringing conduct and with no intention of doing so, he lacks an interest in a controversy to support an action for declaratory judgment relief to test the validity of a patent."). Whether declaratory judgment jurisdiction exists by an affirmative act by the patentee concerning enforcement of his patent rights is determined on a patent-by-patent basis. *See, e.g.*, *Trend Micro*, No C 10-02248-WHA, 2011 WL 499951 (Finding no actual, imminent controversy between the parties because "[defendant] has not made any claim that [plaintiff] infringes the '744 patent. [Defendant] has not threatened or otherwise communicated with [plaintiff] regarding infringement of that patent.").

**1. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '301 Patent Non-Infringement Claims.**

Xilinx alleges that "Defendants have accused Xilinx of infringing at least Claim 4 of the '301 patent through its manufacture, sale, offering for sale, use, and/or importation of certain integrated circuits allegedly containing an ARM dual-core Cortex A9 MPCore

1  processor." (D.I. 100 at ¶ 92)  Xilinx proceeds to request declaratory relief that "none of its
2  integrated circuits allegedly containing an ARM dual-core Cortex A9 MPCore processor,
3  including at least Xilinx's 28 nm programmable logic products such as the 7 Series FPGAs,
4  practice Claim 4 or any valid claim of the '301 patent." (*Id*. at ¶ 95)  Not only has Xilinx
5  failed to allege that its 7-Series FPGAs were ever accused of infringement, but any such
6  claim would be futile because Xilinx's 7-Series FPGAs do not contain an ARM core
7  processor.  (*See* Modi Decl. at ¶ 13, Ex. K)  Xilinx therefore seeks declaratory relief of non-
8  infringement of the '301 patent for products that were not accused of infringement or
9  discussed with Xilinx in the context of the '301 patent.
10  ████████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████████
12  █████████████████████████████████████  IV Management, however, did not
13  accuse any current (or even future) Xilinx product of infringing the '301 patent, because
14  based on its understanding at the time, none existed.  Even now, Xilinx has not identified any
15  currently-offered, or even future-planned, Xilinx product that uses the ARM core processor.[3]
16  Accordingly, no actionable dispute exists over infringement of the '301 patent by the Xilinx
17  7-Series FPGAs, as currently designed, because they do not include an ARM core processor.
18  Xilinx has therefore failed to plead a case or controversy concerning infringement of the '301
19  patent.  *Benitec*, 495 F. 3d at 1343 ("A party seeking to base jurisdiction on the Declaratory
20  Judgment Act bears the burden of proving that the facts alleged, under all the circumstances,
21  show that there is a substantial controversy, between the parties having adverse legal
22  interests, of sufficient immediacy and reality to warrant the issuance of a declaratory
23  judgment.") (citation omitted).
24

---

25  [3] Xilinx has not provided, upon Defendants' repeated requests, an explanation of its basis for alleging that Defendants have accused them of current or past infringement of the '301
26  patent. (Modi Decl. at ¶¶ 2-11, Exs. B-I)  Nor has Xilinx responded to Defendants' request
27  for an identification of any past or current Xilinx product that allegedly incorporates ARM Cortex A9 technology.  (*Id*. at ¶¶ 8-11, Exs. F-I)
28

To the extent that Xilinx seeks declaratory relief concerning unspecified ***future*** products, it has failed to identify any such product with sufficient specificity to demonstrate an actual controversy. *See Sharper Image Corp. v. Honeywell Int'l, Inc.*, No. C 02-4860 CW, 2005 WL 2176903, *2 (N.D. Cal. Aug. 31, 2005) ("The residual possibility of a future infringement suit based on [] future acts is simply too speculative a basis for jurisdiction over [a] counterclaim for declaratory judgments of invalidity."); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("[A]n actual controversy cannot be based on a fear of litigation over future products."). To do so, Xilinx must establish a real, concrete, and immediate exposure to infringement liability. This includes identifying products that are far enough along in development that they will be the same products that are ultimately provided to the marketplace.[4] *See, e.g., Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004) ("[B]ecause of the relatively early stage of its development, the design which is before us now may not be the design which is ultimately produced and marketed. For a decision in a case such as this to be anything other than an advisory opinion, the plaintiff must establish that the product presented to the court is the same product which will be produced if a declaration of noninfringement is obtained."). Because Xilinx has not identified any such allegedly non-infringing product in its request for declaratory relief of non-infringement of the '301 patent, Xilinx has not established a case or controversy sufficient for declaratory judgment jurisdiction, and its declaratory claims concerning infringement of the '301 patent fail.

---

[4] If the Court concludes that factual issues must be resolved to decide this motion under Rule 12(d) of the Federal Rules of Civil Procedure, then this motion should be viewed as a summary judgment motion under Rule 56 and resolved in Defendants' favor, since any information supporting Xilinx's declaratory judgment jurisdiction theories necessarily resides in Xilinx's possession. *See, e.g., Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) ("[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.").

### 2. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '865 Patent Non-Infringement Claims.

Xilinx requests declaratory relief that it has not infringed any claims of the '865 patent "because none of its FPGA products, including at least the Virtex-4 Series, practice any valid claim of the '865 patent." (D.I. 100 at ¶ 65)  But Xilinx does not even allege that Defendants accused Xilinx's Virtex-4 Series FPGAs of infringing the '865 patent. (*Id*. at ¶ 62 ("Defendants have accused Xilinx of infringing one or more claims of the '865 patent through its manufacture, sale, offering for sale, use, and/or importation of certain integrated circuits that allegedly contain built-in test and debug functionality, including Xilinx's FPGA products."))  Nor could it—neither the Virtex-4 Series product nor any other specific Xilinx product was accused of infringing the '865 patent.

As a provider of administrative and licensing services for patent portfolios, in 2008 IV Management notified Xilinx that one of its affiliated funds ("Fund I"), in which Xilinx is a limited partner, had acquired the '865 patent. (*See* D.I. 100 at ¶¶ 20, 22)  IV Management again corresponded with Xilinx in 2010, and at Xilinx's request, provided Xilinx with a list of patents that it believed might be of investment interest to Xilinx. (D.I. 67, Chernesky Decl. at ¶ 4)  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

IV Management, however, did not accuse any Xilinx product of infringing the '865 patent.  Nor did it provide Xilinx with any claim charts for the '865 patent.  Because IV Management therefore took no affirmative steps to enforce its patent rights in the '865 patent, no controversy exists between the parties concerning an adverse legal interest of the '865 patent.  *See Prasco,* 537 F.3d at 1339 ("[J]urisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives

such a patent to pose a risk of infringement, without some affirmative act by the patentee."). Xilinx cannot point to an imminent risk of infringement dispute merely because it was notified of the existence of the '865 patent. Because Xilinx has not established a case or controversy sufficient for declaratory judgment jurisdiction, its declaratory claims concerning non-infringement of the '865 patent fail.

### 3. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '001 Patent Non-Infringement Claims.

Xilinx requests declaratory relief that it has not infringed any claims of the '001 patent "because none of Xilinx's design products, including at least ISE Design Suite, practice any valid claim of the '001 patent." (D.I. 100 at ¶ 80) But Xilinx does not allege that Defendants accused Xilinx's ISE Design Suite of infringing the '001 patent. (*See id*. at ¶ 77 ("Defendants have accused Xilinx of infringing one or more claims of the '001 patent through its manufacture, sale, offering for sale, use, and/or importation of certain products that allegedly practice methods for generating a register transfer level (RTL) code for very large scale integrated circuit VLSI design.")) Nor could it—neither the ISE Design Suite product nor any other specific Xilinx product were accused of infringing the '001 patent.

As with the '865 patent discussed above, IV Management notified Xilinx that Fund I had acquired the '001 patent. (*See* D.I. 100 at ¶ 23) And at Xilinx's request, IV Management provided Xilinx with a list of patents that it believed might be of investment interest to Xilinx, which included the '001 patent. (*See* D.I. 67, Chernesky Decl. at ¶ 4) But Xilinx was not provided with any claim charts for the '001 patent, and no specific Xilinx product was accused of infringing the '001 patent. Because IV Management did not take any affirmative steps to enforce its patent rights in the '001 patent, no controversy exists between the parties concerning an adverse legal interest of the '001 patent. *See Prasco,* 537 F.3d at 1338. Xilinx cannot point to an imminent risk of infringement dispute merely because it was notified of the existence of the '001 patent. Because Xilinx has not established a case or

DEFENDANTS' MOTION TO DISMISS XILINX'S SECOND AMENDED COMPLAINT    PAGE 10
Case No. 11-cv-0671-SI

controversy sufficient for declaratory judgment jurisdiction, its declaratory claims concerning infringement of the '001 also fail.

### B. Xilinx's Declaratory Judgment Claims Concerning Invalidity Fail Because No Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For The '865, '001, and '301 Patents.

Xilinx's declaratory judgment claims concerning invalidity in Counts Six, Eight, and Ten also fail because Xilinx cannot establish declaratory judgment jurisdiction for its infringement claims concerning those patents. Absent an underlying legal cause of action, there is no dispute sufficient to establish a legal adverse interest as to the validity of a patent. *See Creative Compounds,* 99 U.S.P.Q.2d 1168 at *33 (Vacating summary judgment of invalidity because the district court lacked declaratory judgment jurisdiction); *Aralac,* 166 F.2d at 295 ("Where a person is not engaged in possible infringing conduct and with no intention of doing so, he lacks an interest in a controversy to support an action for declaratory judgment relief to test the validity of a patent."). Accordingly, Xilinx's declaratory judgment claims concerning invalidity of the '865, '001, and '301 patents in Counts Six, Eight, and Ten should also be dismissed.

### C. Xilinx's Declaratory Judgment Claims Should Be Dismissed For Lack Of Declaratory Judgment Jurisdiction And Failure To State A Claim To The Extent That They Seek Declaratory Relief Of Non-Infringement For "All" Xilinx Products.

Each of Xilinx's claims for declaratory relief of non-infringement seek judgment that "none of its integrated circuits," "none of its FPGA products," or "none of Xilinx's design products" infringe the '527, '415, '865, '001, and '301 patents. (*See* D.I. 100 ¶¶ at 35, 50, 65, 80, 95) As this Court has already ruled, "[i]n an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe." (D.I. 86 at 10) Because the relief sought by Xilinx's non-infringement claims still far exceeds any specific identification of products in Xilinx's pleading, those claims remain defective under the controlling pleading standard. *See Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010)

1  (finding that the accused device or devices cannot be described "in terms of a multiplicity of
2  generically-described product lines such as 'satellite communications technology' and 'audio
3  amplifiers,'" and dismissing as insufficient a "laundry list of accused devices" that do not
4  "actually identif[y] specific accused devices.").

5  Moreover, by failing to specify the products or conduct that are allegedly non-
6  infringing the '527, '415, '865, '001, and '301 patents, Xilinx fails to state a plausible claim
7  that is definite and concrete for declaratory relief of non-infringement as to any Xilinx
8  products not adequately identified in the Second Amended Complaint.  A case or controversy
9  for declaratory relief only exists when "the facts alleged, under all the circumstances, show
10 that there is a substantial controversy, between parties having adverse legal interests, of
11 sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
12 *MedImmune,* 549 U.S. at 127.  Without identifying specific non-infringing products, Xilinx
13 cannot meet that standard.  Xilinx has therefore failed to establish declaratory judgment
14 jurisdiction over any request for relief as to the undisclosed products.

### IV. CONCLUSION

16 For all of the foregoing reasons, Defendants respectfully request that this Court enter
17 an order dismissing Counts Five through Ten of Xilinx's Second Amended Complaint.

Date:  October 17, 2011                              Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black
Andrew G. Hamill

DESMARAIS LLP
John M. Desmarais
Michael P. Stadnick


By: */s/ Michael P. Stadnick*
       Michael P. Stadnick

*Attorneys for Defendants*