BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94105
Telephone: 415-813-6210
Facsimile: 415-813-6222

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| XILINX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Defendants. | **Case No. 3:11-cv-0671-SI**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS XILINX'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Date: December 2, 2011<br>Time: 9:00 am<br>Judge: Hon. Susan Illston<br>Courtroom 10, 19th Floor<br><br>**FILED UNDER SEAL** |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 4

III. ARGUMENT .......... 7

A. No Declaratory Judgment Jurisdiction Exists For Xilinx's Claims Concerning The '865, '001, And '301 Patents. .......... 7

1. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '865 And '001 Patent Non-Infringement Claims .......... 7

2. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '301 Patent Non-Infringement Claims. .......... 8

B. Xilinx's Declaratory Judgment Claims Concerning Invalidity Fail Because No Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For The '865, '001, and '301 Patents. .......... 9

C. Xilinx's Declaratory Judgment Claims Should Be Dismissed For Lack Of Declaratory Judgment Jurisdiction To The Extent That They Seek Declaratory Relief Broader Than The Scope Of The Controversy. .......... 10

D. Even If An Immediate Controversy Existed, The Court Should Exercise Its Discretion To Decline Declaratory Judgment Jurisdiction Under The Circumstances Of This Case. .......... 10

IV. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Cases**

*Creative Compounds, LLC v. Starmark Labs.*, --- F.3d ---, 2011 WL 2519513 (Fed. Cir. 2011) ........ 10

*Fresenius USA, Inc. v. Transonic Sys., Inc.*, 207 F. Supp. 2d 1009 (N.D. Cal. 2001) ........ 10

*Hewlett-Packard Co. v. Acceleron, LLC*, 587 F.3d 1358 (Fed. Cir. 2009) ........ 8

*Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010) ........ 8

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) ........ 8

*Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361 (Fed. Cir. 2004) ........ 9

*Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 405 F.3d 990 (Fed. Cir. 2005) ........ 8

## I. INTRODUCTION

Defendants' challenge to declaratory judgment jurisdiction in this action does not hinge—as Xilinx contends—on rigid mechanical rules requiring an express charge of infringement or an exchange of claim charts. Indeed, no dispute exists that the pertinent jurisdictional analysis focuses on whether the totality of circumstances establishes a substantial dispute of sufficient reality and immediacy to justify the expense of judicial resources in presiding over declaratory judgment litigation. As explained in Defendants' opening brief, however, no such real and immediate controversy exists as to at least three of the patents-in-suit. Xilinx's arguments to the contrary overlook key aspects of the parties' relationship and interactions leading up to this litigation.



Nevertheless, an infringement dispute ***did*** exist between Xilinx and Defendants. But that dispute concerned four ***different*** patents that Defendants had asserted against Xilinx's competitors in a patent infringement action before the United States District Court for the District of Delaware in December 2010.

As that deadline approached, Xilinx decided to seize the initiative by launching a preemptive strike to avoid being added to the Delaware litigation. Xilinx filed a declaratory judgment suit in this Court challenging infringement and validity of the Delaware patents.

[redacted] Xilinx's haste also produced a manifestly defective pleading which has now been the subject of several serial rounds of dismissal and amendment as Xilinx tries to conjure a dispute where none exists. Because the current incarnation of Xilinx's complaint cannot overcome its fatal original flaw—the lack of any real, immediate controversy as to at least the '865, '001, and '301 patents—Xilinx's Second Amended Complaint should again be dismissed.

Moreover, even if the facts alleged in Xilinx's Second Amended Complaint were sufficient to establish an immediate controversy, this Court should exercise its equitable discretion to decline declaratory judgment jurisdiction here. [redacted] In addition, the crux of the parties' immediate controversy concerns Xilinx's infringement of the four patents at issue in the Delaware Action. As Xilinx's counsel has confirmed, Xilinx filed (and later re-filed) its claims concerning the twelve additional patents from the "true-up" discussions simply to maintain a foothold in this Court should Defendants seek to raise infringement claims in the future. Finally, Xilinx has moved to stay the very patent litigation in the District of Delaware concerning four patents truly in dispute, arguing that judicial resources are best conserved by staying patent litigations in favor of pending reexamination proceedings. Here, conservation of judicial resources would be best achieved by focusing on adjudication of the true, immediate dispute between the parties, which concerns Xilinx's infringement of the patents at issue in the Delaware Action. Accordingly, this Court should exercise its equitable discretion to decline declaratory judgment jurisdiction here.

## II. FACTUAL BACKGROUND

[redacted]

Intellectual Ventures Management, LLC ("IV Management") was founded in 2000 and today helps to manage a portfolio of over 30,000 intellectual property assets owned by affiliated entities. (D.I. 100 at ¶¶ 14, 16; D.I. 64 at 3) [redacted]

In 2005, Xilinx became one of the first entities to partner with IV Management by entering into an investment agreement to become a limited partner of Fund I. (D.I. 100 at ¶ 20) [redacted] By virtue of its investment in Fund I, Xilinx voluntarily signed up to receive acquisition notices informing it of Fund I's acquisition of certain patent portfolios, including the '865 and '001 patents-in-suit. (D.I. 100 at ¶ 22)

[redacted]

[redacted]

In 2008, Xilinx was among the first companies to become a non-managing member of Fund II. (D.I. 100 at ¶ 21) [redacted] Indeed, Xilinx received an acquisition notice in 2009 concerning Fund II's acquisition of a portfolio that included the '527, '415, and '001 patents-in-suit. (D.I. 100 at ¶ 23) [redacted]

Around the same time, IV Management attempted to negotiate potential patent licenses with Xilinx's competitors in the Field Programmable Gate Array ("FPGA")

marketplace, including Altera Corporation ("Altera"), Lattice Semiconductor Corporation ("Lattice"), and Microsemi Corporation ("Microsemi"). (D.I. 67-1 at ¶ 7) Licensing negotiations with Altera, Lattice, and Microsemi eventually faltered. [redacted]

[redacted] Xilinx filed a declaratory judgment action in this Court on February 14, 2011 regarding the four patents already at issue in the Delaware Action and—without any consideration as to whether any dispute over infringement actually existed between the parties—additional claims regarding twelve patents not at issue in Delaware. (D.I. 1) In the ensuing several weeks, Xilinx and/or its counsel initiated reexamination on virtually all sixteen patents asserted in Xilinx's original Complaint. (Declaration of Ameet A. Modi ("Modi Decl.") at ¶¶ 2-4, Exs. A-C)

On July 27, 2011, this Court severed and transferred the overlapping claims to the District of Delaware, finding that Xilinx's claims concerning the Delaware patents were anticipatory. (D.I. 86) This Court further dismissed Xilinx's remaining claims. (*Id.*) Xilinx has since moved to stay the Delaware Action for its professed concern over judicial efficiency in light of pending reexamination proceedings. (Modi Decl. at ¶¶ 5-7, Exs. D-F) Meanwhile, Xilinx has made four serial, defective attempts to re-file claims concerning the

twelve additional patents in this Court.[1] (D.I. 90, 100; *Xilinx, Inc. v. Intellectual Ventures Management, LLC*, Case No. 3:11-cv-04407-SI, D.I. 1, 29)

## III. ARGUMENT

### A. No Declaratory Judgment Jurisdiction Exists For Xilinx's Claims Concerning The '865, '001, And '301 Patents.

#### 1. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '865 And '001 Patent Non-Infringement Claims.

[redacted]

[redacted]

[1] As explained further below, Xilinx's manifest difficulty in crafting a viable declaratory judgment complaint further illustrates the fundamental absence of any real, immediate controversy between the parties that would justify the expenditure of judicial resources in presiding over the declaratory judgment claims in this action and the related action in this Court (Case No. 3:11-cv-04407-SI).

DEFS.' REPLY ISO MOTION TO DISMISS XILINX'S SECOND AMENDED COMPLAINT PAGE 7
Case No. 3:11-cv-0671-SI

The authorities cited by Xilinx uniformly fail to support its declaratory judgment jurisdiction arguments. (*See, e.g.*, D.I. 114 at 9-11) That jurisdictional analysis is highly fact-specific and turns on the totality of the circumstances presented in each individual case. *See Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 405 F.3d 990, 992 (Fed. Cir. 2005). Because the facts presented in each of the cases relied upon by Xilinx differ so substantially from the circumstances of this case, they have no bearing on the outcome here.

The cases cited by Xilinx all involve assertions of patents against specified, current products in the context of simple license demands. *See Hewlett-Packard Co. v. Acceleron, LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382 (Fed. Cir. 2007); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1162 (C.D. Cal. 2010). [redacted]

**2. Xilinx Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '301 Patent Non-Infringement Claims.**

[redacted] In its Second Amended Complaint, Xilinx seeks a broad declaration that "none of its integrated circuits . . . including at least Xilinx's

28 nm programmable logic products such as the 7 Series FPGAs" infringe the '301 patent. (D.I. 100 at ¶ 95) [redacted]

But Xilinx still fails to plead or demonstrate that any real and immediate controversy exists with respect to infringement of the '301 patent, which would require a showing that "the design of the potentially infringing subject of the declaratory-judgment suit was substantially ***fixed***, particularly with respect to its potentially-infringing characteristics, on the date the complaint was filed." *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004) (emphasis in original). [redacted]

**B. Xilinx's Declaratory Judgment Claims Concerning Invalidity Fail Because No Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For The '865, '001, and '301 Patents.**

Xilinx does not dispute that, absent an underlying legal cause of action, no dispute exists sufficient to establish a legal adverse interest as to the validity of a patent. *See Creative Compounds, LLC v. Starmark Labs.*, --- F.3d ---, 2011 WL 2519513 (Fed. Cir.

---

[2] [redacted] Xilinx ***refused*** to provide such information to Defendants—despite Defendants' repeated requests—prior to Defendants' filing of the instant motion. (D.I. 106 at ¶¶ 8-11, Exs. F-I; D.I. 109 at 4-5)

2011) (vacating summary judgment of invalidity because the district court lacked declaratory judgment jurisdiction). As demonstrated above, Xilinx cannot establish declaratory judgment jurisdiction for its infringement claims concerning the '865, '001, and '301 patents. Accordingly, Xilinx's declaratory judgment claims concerning invalidity of the '865, '001, and '301 patents should also be dismissed.

**C. Xilinx's Declaratory Judgment Claims Should Be Dismissed For Lack Of Declaratory Judgment Jurisdiction To The Extent That They Seek Declaratory Relief Broader Than The Scope Of The Controversy.**

As Defendants argued in their opening brief—and Xilinx does not dispute—the Second Amended Complaint seeks judgment that a wide range of Xilinx products do not infringe any of the '527, '415, '865, '001, and '301 patents. (*See* D.I. 100 Prayer For Relief Subpara. (A); *id*. at ¶¶ 35, 50, 65, 80, 95) (alleging that "none of its integrated circuits," "none of its FPGA products," or "none of Xilinx's design products" infringe the patents-in-suit.)) In response, Xilinx points to allegations in the Second Amended Complaint that identify specific products, but fails to even address the mismatch between those allegations and the broader declaratory relief that Xilinx seeks. Without tailoring its requested relief to link specific non-infringing products and specific patents, Xilinx fails to state a plausible claim that is definite and concrete for declaratory relief as to products not specifically identified in the Second Amended Complaint.

**D. Even If An Immediate Controversy Existed, The Court Should Exercise Its Discretion To Decline Declaratory Judgment Jurisdiction Under The Circumstances Of This Case.**

Even if the Court decides that the facts alleged in Xilinx's Second Amended Complaint are sufficient to establish an immediate case or controversy to support declaratory judgment jurisdiction, the Court retains equitable discretion to decline such jurisdiction. *See, e.g., Fresenius USA, Inc. v. Transonic Sys., Inc.*, 207 F. Supp. 2d 1009, 1012 (N.D. Cal. 2001). Here, this Court should decline to exercise declaratory judgment jurisdiction for at least three reasons.

*First*, [redacted]

*Second*, the real, immediate patent controversy between Xilinx and Defendants centers on the four patents at issue in the Delaware Action. As outlined above, Xilinx included an additional twelve patents in its original declaratory judgment complaint in a clear attempt to avoid transfer and secure venue in this Court, without regard to whether any concrete dispute existed between the parties. Indeed, Xilinx's counsel has since expressly stated that Xilinx re-filed claims concerning the twelve patents in this action and the related action (Case No. 3:11-cv-04407-SI) simply to obtain a foothold in this Court. (*See* D.I. 106 at ¶ 12, Ex. J) Defendants asked Xilinx to voluntarily withdraw its claims here with the explicit commitment that Defendants would notify Xilinx if they intend to move forward with infringement claims at a later date, so that Xilinx could bring such claims in this Court. (*Id.*) Counsel for Xilinx rejected that offer.

*Third*, Xilinx has argued in the Delaware Action that, in the interest of judicial efficiency, a patent litigation—indeed, ***the*** patent litigation concerning the four patents truly in dispute—should be stayed when a substantial number of the patents-in-suit are the subject of ongoing reexamination proceedings at the United States Patent & Trademark Office. (*See* Modi Decl. ¶¶ 5-7, Exs. D-F) Here, after filing its initial declaratory judgment complaint in February 2011, Xilinx and/or its counsel initiated reexamination proceedings on at least fourteen patents owned by Defendants and their affiliates, including four of the five patents-in-suit in this Action. (*Id.* at ¶¶ 2-4, Exs. A-C) Equity does not counsel proceeding with this action while Xilinx argues to stay—on grounds equally applicable here—litigation

concerning the patents plainly in dispute between the parties. This Court should therefore exercise its discretion to decline declaratory judgment jurisdiction.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Counts Five through Ten of Xilinx's Second Amended Complaint.

Date: November 10, 2011

Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black
Andre G. Hamill
Peter H. Chang

DESMARAIS LLP
John M. Desmarais
Michael P. Stadnick

By: */s/ Michael P. Stadnick*
Michael P. Stadnick

*Attorneys for Defendants*