BLACK & CHANG LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94105
Telephone:  415-813-6210
Facsimile:   415-813-6222

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Telephone:  212-351-3400
Facsimile:   212-351-3401

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| XILINX, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC,<br><br>　　　　　Defendants. | **Case No.:  3:11-cv-00671-SI**<br><br>**ANSWER AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

1    Defendants Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II
2  LLC ("Intellectual Ventures II") (collectively, "Defendants") hereby answer the allegations in the
3  Second Amended Complaint For Declaratory Judgment Of Patent Non-Infringement And Invalidity
4  (D.I. 100) ("Second Amended Complaint") filed by Plaintiff Xilinx, Inc. ("Xilinx") as follows:

### NATURE OF THE ACTION

6    1.   Defendants admit that Xilinx purports to seek a declaration for patent non-infringement
7  and invalidity. Defendants deny that there is any legal or factual basis for any such claims.

### THE PARTIES

9    2.   On information and belief, Defendants admit the allegations in Second Amended
10  Complaint Paragraph 2.

11    3.   Defendants admit the allegations in Second Amended Complaint Paragraph 3.

12    4.   Defendants admit that one or more Defendants have engaged in patent acquisition and
13  enforcement. Except as specifically admitted, Defendants deny the allegations in Second Amended
14  Complaint Paragraph 4.

### JURISDICTION AND VENUE

16    5.   Defendants admit this Court has subject matter jurisdiction in this action pursuant to 28
17  U.S.C. §§ 1331 and 1338(a). Defendants further admit that this Court has subject matter jurisdiction
18  in this action pursuant to 28 U.S.C. § 2201 with respect to Xilinx's claim for declaratory judgment of
19  non-infringement of claim 1 of U.S. Patent No. 6,252,527 by Xilinx's Virtex-5 GTX Transceiver.
20  Defendants further admit that this Court has subject matter jurisdiction in this action pursuant to 28
21  U.S.C. § 2201 with respect to Xilinx's claim for declaratory judgment of invalidity of claim 1 of U.S.
22  Patent No. 6,252,527. Defendants further admit that this Court has subject matter jurisdiction in this
23  action pursuant to 28 U.S.C. § 2201 with respect to Xilinx's claim for declaratory judgment of non-
24  infringement of claim 1 of U.S. Patent No. 6,408,415 by Xilinx's Spartan-3 Family, Virtex-II Series, and
25  Virtex-4 Series FPGAs. Defendants further admit that this Court has subject matter jurisdiction in this
26  action pursuant to 28 U.S.C. § 2201 with respect to Xilinx's claim for declaratory judgment of
27  invalidity of claim 1 of U.S. Patent No. 6,408,415. Defendants deny that there is any legal or factual

basis for any of Xilinx's claims. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 5.

6. Defendants consent to personal jurisdiction in this district for purposes of this action. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 6.

7. Defendants admit that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), but deny that venue is proper as to them under 28 U.S.C. § 1400(b).

## INTRADISTRICT ASSIGNMENT

8. Defendants admit the allegations in Second Amended Complaint Paragraph 8.

## THE PATENTS-IN-SUIT

9. Defendants admit that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,252,527 (the "'527 patent") on June 26, 2001. Defendants further admit that on May 19, 2011 the USPTO granted *ex parte* reexamination of claims 1-5, 8, 15, 17-22, 27, 29, 32, and 33 of the '527 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 9.

10. Defendants admit that USPTO issued U.S. Patent No. 6,408,415 (the "'415 patent") on June 18, 2002. Defendants further admit that on May 21, 2011 the USPTO granted *ex parte* reexamination of claims 1-24 of the '415 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 10.

11. Defendants admit that the USPTO issued U.S. Patent No. 6,687,865 (the "'865 patent") on February 3, 2004. Defendants further admit that on May 3, 2011 the USPTO granted *ex parte* reexamination of claims 1-22 of the '865 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 11.

12. Defendants admit that the USPTO issued U.S. Patent No. 6,698,001 (the "'001 patent") on February 24, 2004.

13. Defendants admit that the USPTO issued U.S. Patent No. 7,080,301 (the "'301 patent") on June 18, 2006. Defendants further admit that on May 2, 2011 the USPTO granted *inter partes*

reexamination of claims 1-6 of the '301 patent. Defendants further admit that the USPTO has issued a non-final office action rejecting claims 1-6 of the '301 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 13.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING DEFENDANTS AND THEIR ACTIVITIES IN CALIFORNIA

14. Defendants admit that non-party Intellectual Ventures LLC ("IV LLC") was founded in 1999 and that non-party Intellectual Ventures Management LLC ("IV Management") was founded in 2000. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 14.

15. Defendants admit that paragraph 7 of a complaint filed on July 12, 2011 with the United States International Trade Commission, captioned *In the Matter of Certain Dynamic Random Access Memory And Nand Flash Memory Devices And Products Containing Same*, Inv. No. 337-TA-___, includes an allegation that "IV Management oversees the entire family of companies known in the industry, and is referred to collectively in this Complaint, as 'Intellectual Ventures.'" Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 15.

16. Defendants admit that non-party IV Management helps to manage a portfolio of over 30,000 intellectual property assets owned by affiliated entities. Defendants further admit that IV Management facilitates licenses to those inventions to investors through licensing and partnership programs, including by providing opportunities for investment in two private funds. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 16.

17. Defendants admit that IV Management helps to manage a portfolio of over 30,000 intellectual property assets owned by affiliated entities, and that Defendants Intellectual Ventures I and Intellectual Ventures II are two such affiliated entities. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 17.

18. Defendants admit that non-party IV Management maintains an office and employees in Mountain View, California. Defendants admit that Joseph F. Chernesky is Vice President and General Manager of Global Licensing Sales for IV Management. Defendants further admit that Mark Wilson is

a licensing executive for IV Management. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 18.

19. Defendants admit that representatives of non-party IV Management, including Peter Detkin, approached Xilinx in 2004 about becoming an investor in a certain fund, and that those representatives communicated with Xilinx by e-mail, telephone, and in-person meetings in California. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 19.

20. Defendants admit that in 2005 Xilinx became a limited partner in Invention Investment Fund I, L.P. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 20.

21. Defendants admit that in 2008 Xilinx became a non-managing member of Invention Investment Fund II, L.L.C. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 21.

22. Defendants admit that in 2008 Invention Investment Fund I, L.P. issued an acquisition notice informing investors in Invention Investment Fund I, L.P. that Invention Investment Fund I, L.P. had acquired an interest in the '865 and '301 patents. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 22.

23. Defendants admit that in 2009 Invention Investment Fund II, L.L.C. issued an acquisition notice informing investors in Invention Investment Fund II, L.L.C. that Invention Investment Fund II, L.L.C. had acquired an interest in the '527, '415, and '001 patents. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 23.

24. Defendants admit that in or about the summer of 2010, representatives of IV Management contacted Xilinx concerning additional investment and licenses to certain patents. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 24.

25. Defendants admit that in or about December 2010, representatives of IV Management contacted Xilinx concerning additional investment and licenses to certain patents, and that those representatives communicated with Xilinx by e-mail and in-person meetings in Palo Alto and San Jose,

California. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 25.

26. Defendants admit the allegations in Second Amended Complaint Paragraph 26.

27. Defendants admit the allegations in Second Amended Complaint Paragraph 27.

28. Defendants admit that in or about December 2010, in response to a request from Xilinx for such information, Mr. Joseph Chernesky of IV Management sent an e-mail identifying 16 patents that "Xilinx should reconsider" for potential investment. Defendants further admit that representatives of IV Management subsequently provided claim charts to Xilinx concerning some of those patents. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 28.

29. Defendants admit that that IV Management provides administrative and licensing services to companies that hold title to the patents-in-suit. Defendants further admit that Joseph F. Chernesky is Vice President and General Manager of Global Licensing Sales for IV Management, and that in that capacity Mr. Chernesky engaged in discussions with Xilinx concerning the patents-in-suit. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 29.

**FIRST COUNT**

30. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-29 as if fully set forth herein.

31. Defendants admit that Intellectual Ventures II claims to be the owner of the '527 patent and has the right to sue for infringement of that patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 31.

32. Defendants admit that representatives of IV Management provided Xilinx with claim charts comparing claim 1 of the '527 patent to the Virtex-5 GTX Transceiver. Defendants further admit that representatives of IV Management have stated that Xilinx should consider taking a license to the '527 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 32.

33. Defendants admit that Xilinx contends it has the right to engage in the manufacture, sale, use, and/or importation of the Virtex-5 GTX Transceiver without a license to the '527 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 33.

34. Defendants admit that declaratory judgment jurisdiction currently exists pursuant to 28 U.S.C. § 2201 as to the non-infringement of claim 1 of the '527 patent by the Virtex-5 GTX Transceiver. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 34.

35. Defendants deny the allegations in Second Amended Complaint Paragraph 35.

36. Defendants deny the allegations in Second Amended Complaint Paragraph 36.

**SECOND COUNT**

37. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-36 as if fully set forth herein.

38. Defendants admit that declaratory judgment jurisdiction currently exists pursuant to 28 U.S.C. § 2201 as to the invalidity of claim 1 of the '527 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 38.

39. Defendants deny the allegations in Second Amended Complaint Paragraph 39.

40. Defendants deny the allegations in Second Amended Complaint Paragraph 40.

41. Defendants admit that the USPTO has granted reexamination of claims 1-5, 8, 15, 17-22, 27, 29, 32, and 33 of the '527 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 41.

42. Defendants deny the allegations in Second Amended Complaint Paragraph 42.

43. Defendants state that Second Amended Complaint Paragraph 43 contains a statement by Xilinx concerning its obligations under the Patent Local Rules of this Court to which no answer is required.

44. Defendants deny the allegations in Second Amended Complaint Paragraph 44.

**THIRD COUNT**

45. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-44 as if

1  fully set forth herein.

2  46. Defendants admit that Intellectual Ventures II claims to be the owner of the '415 patent and has the right to sue for infringement of that patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 46.

5  47. Defendants admit that representatives of IV Management provided Xilinx with claim charts comparing claim 1 of the '415 patent to the Spartan-3 Family, Virtex-II Series, and Virtex-4 Series FPGAs. Defendants further admit that representatives of IV Management have stated that Xilinx should consider taking a license to the '415 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 47.

10  48. Defendants admit that Xilinx contends it has the right to engage in the manufacture, sale, use, and/or importation of the Spartan-3 Family, Virtex-II Series, and Virtex-4 Series FPGAs without a license to the '415 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 48.

14  49. Defendants admit that declaratory judgment jurisdiction currently exists pursuant to 28 U.S.C. § 2201 as to the non-infringement of claim 1 of the '415 patent by the Spartan-3 Family, Virtex-II Series, and Virtex-4 Series FPGAs. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 49.

18  50. Defendants deny the allegations in Second Amended Complaint Paragraph 50.

19  51. Defendants deny the allegations in Second Amended Complaint Paragraph 51.

20  **FOURTH COUNT**

21  52. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-51 as if fully set forth herein.

23  53. Defendants admit that declaratory judgment jurisdiction currently exists pursuant to 28 U.S.C. § 2201 as to the invalidity of claim 1 of the '415 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 53.

26  54. Defendants deny the allegations in Second Amended Complaint Paragraph 54.

27  55. Defendants deny the allegations in Second Amended Complaint Paragraph 55.

56. Defendants admit that the USPTO has granted reexamination of claims 1-3, 5-9, and 23 of the '415 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 56.

57. Defendants deny the allegations in Second Amended Complaint Paragraph 57.

58. Defendants state that Second Amended Complaint Paragraph 58 contains a statement by Xilinx concerning its obligations under the Local Rules of this Court to which no answer is required.

59. Defendants deny the allegations in Second Amended Complaint Paragraph 59.

## FIFTH COUNT

60. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-59 as if fully set forth herein.

61. Defendants admit that Intellectual Ventures I claims to be the owner of the '865 patent and has the right to sue for infringement of that patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 61.

62. Defendants deny the allegations in Second Amended Complaint Paragraph 62.

63. Defendants admit that Xilinx contends it has the right to engage in the manufacture, sale, use, and/or importation of Virtex-4 Series FPGAs without a license to the '865 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 63.

64. Defendants deny the allegations in Second Amended Complaint Paragraph 64.

65. Defendants deny the allegations in Second Amended Complaint Paragraph 65.

66. Defendants deny the allegations in Second Amended Complaint Paragraph 66.

## SIXTH COUNT

67. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-66 as if fully set forth herein.

68. Defendants deny the allegations in Second Amended Complaint Paragraph 68.

69. Defendants deny the allegations in Second Amended Complaint Paragraph 69.

70. Defendants deny the allegations in Second Amended Complaint Paragraph 70.

71. Defendants admit that the USPTO has granted reexamination of claims 1-22 of the '865

patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 71.

72. Defendants deny the allegations in Second Amended Complaint Paragraph 72.

73. Defendants state that Second Amended Complaint Paragraph 73 contains a statement by Xilinx concerning its obligations under the Local Rules of this Court to which no answer is required.

74. Defendants deny the allegations in Second Amended Complaint Paragraph 74.

## SEVENTH COUNT

75. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-74 as if fully set forth herein.

76. Defendants admit that Intellectual Ventures II claims to be the owner of the '001 patent and has the right to sue for infringement of that patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 76.

77. Defendants deny the allegations in Second Amended Complaint Paragraph 77.

78. Defendants admit that Xilinx contends it has the right to engage in the manufacture, sale, use, and/or importation of the ISE® Design Suite without a license to the '001 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 78.

79. Defendants deny the allegations in Second Amended Complaint Paragraph 79.

80. Defendants deny the allegations in Second Amended Complaint Paragraph 80.

81. Defendants deny the allegations in Second Amended Complaint Paragraph 81.

## EIGHTH COUNT

82. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-81 as if fully set forth herein.

83. Defendants deny the allegations in Second Amended Complaint Paragraph 83.

84. Defendants deny the allegations in Second Amended Complaint Paragraph 84.

85. Defendants deny the allegations in Second Amended Complaint Paragraph 85.

86. Defendants deny the allegations in Second Amended Complaint Paragraph 86.

87. Defendants deny the allegations in Second Amended Complaint Paragraph 87.

88. Defendants state that Second Amended Complaint Paragraph 88 contains a statement by Xilinx concerning its obligations under the Local Rules of this Court to which no answer is required.

89. Defendants deny the allegations in Second Amended Complaint Paragraph 89.

**NINTH COUNT**

90. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-89 as if fully set forth herein.

91. Defendants admit that Intellectual Ventures I claims to be the owner of the '301 patent and has the right to sue for infringement of that patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 91.

92. Defendants admit that representatives of IV Management have provided Xilinx with claim charts attempting to illustrate how potential future Xilinx products might require a license to the '301 patent. Defendants deny that they accused Xilinx of infringing any claim of the '301 patent by making, using, offering for sale, or selling any product before the filing of Xilinx's Second Amended Complaint. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 92.

93. Defendants admit that Xilinx contends it has the right to engage in the manufacture, sale, use, and/or importation of 7-Series FPGAs without a license to the '301 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 93.

94. Defendants deny the allegations in Second Amended Complaint Paragraph 94.

95. Defendants deny the allegations in Second Amended Complaint Paragraph 95.

96. Defendants deny the allegations in Second Amended Complaint Paragraph 96.

**TENTH COUNT**

97. Defendants repeat their responses to Second Amended Complaint Paragraphs 1-96 as if fully set forth herein.

98. Defendants deny the allegations in Second Amended Complaint Paragraph 98.

99. Defendants deny the allegations in Second Amended Complaint Paragraph 99.

100. Defendants deny the allegations in Second Amended Complaint Paragraph 100.

101. Defendants admit that the USPTO has granted reexamination of claims 1-6 of the '301 patent. Defendants further admit that the USPTO has issued a non-final Office Action rejecting claims 1-6 of the '301 patent. Except as specifically admitted, Defendants deny the allegations in Second Amended Complaint Paragraph 101.

102. Defendants deny the allegations in Second Amended Complaint Paragraph 102.

103. Defendants state that Second Amended Complaint Paragraph 103 contains a statement by Xilinx concerning its obligations under the Local Rules of this Court to which no answer is required.

104. Defendants deny the allegations in Second Amended Complaint Paragraph 104.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Xilinx is entitled to any relief whatsoever from Defendants or this Court, either as requested in its Second Amended Complaint or otherwise.

### GENERAL DENIAL

Defendants deny each and every allegation contained in the Second Amended Complaint to which Defendants have not specifically responded.

### AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations in Xilinx's Second Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

#### First Affirmative Defense

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

The Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 2201 over all of the claims for declaratory relief asserted in the Second Amended Complaint except with respect to Xilinx's claim for declaratory judgment of non-infringement of claim 1 of U.S. Patent No. 6,252,527 by Xilinx's

Virtex-5 GTX Transceiver, Xilinx's claim for declaratory judgment of invalidity of claim 1 of U.S. Patent No. 6,252,527, Xilinx's claim for declaratory judgment of non-infringement of claim 1 of U.S. Patent No. 6,408,415 by Xilinx's Spartan-3 Family, Virtex-II Series, and Virtex-4 Series FPGAs, and Xilinx's claim for declaratory judgment of invalidity of claim 1 of U.S. Patent No. 6,408,415.

## COUNTERCLAIMS

Defendant Intellectual Ventures II LLC ("Intellectual Ventures II") counterclaims against Xilinx, Inc. ("Xilinx") as follows:

1. Intellectual Ventures II is a limited liability company organized under the laws of Delaware with its principal place of business located in Bellevue, Washington.

2. On information and belief, Xilinx is a Delaware corporation with its principal place of business at 2100 Logic Drive, San Jose, California 95124.

3. This Court has subject matter jurisdiction over Intellectual Ventures II's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 1400(b).

4. Venue is proper in this District at least under 28 U.S.C. §§ 1391(b) and (c).

5. By filing its Second Amended Complaint, Xilinx has consented to the personal jurisdiction of this Court and that venue is proper in this District as to Xilinx.

## COUNT I – INFRINGEMENT

6. Intellectual Ventures II repeats Counterclaim Paragraphs 1-5 as if fully set forth herein.

7. Intellectual Ventures II owns U.S. Patent No. 6,252,527 (the "'527 patent") and holds the right to sue and recover damages for infringement thereof, including past infringement.

8. In 2008, Xilinx became a non-managing member of Invention Investment Fund II, L.L.C. ("Fund II").

9. On December 2, 2009, Fund II issued an acquisition notice informing investors in Fund II, including Xilinx, that Fund II had acquired an interest in the '527 patent.

10. Xilinx, either alone or in conjunction with others, has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '527 patent

by making, using, offering to sell, selling, and/or importing in or into the United States programmable logic devices (including but not limited to Xilinx's Virtex-5 FPGA Family, Virtex-6 FPGA Family, Spartan-6 FPGA Family, and 7-Series FPGA Family devices) without authority and in violation of 35 U.S.C. § 271.

11. Upon information and belief, Xilinx has been aware of the '527 patent at all relevant times.

12. Xilinx has actively induced, and continues to induce, the infringement of one or more claims of the '527 patent at least by actively inducing the use of infringing programmable logic devices by Xilinx's customers in the United States, including but not limited to Xilinx's Virtex-5 FPGA Family, Virtex-6 FPGA Family, Spartan-6 FPGA Family, and 7-Series FPGA Family devices. Xilinx knew or should have known that its conduct would induce others to use its programmable logic devices in a manner that infringes the '527 patent.

13. Upon information and belief, Xilinx has willfully infringed the '527 patent.

14. Intellectual Ventures II has suffered damage as a result of Xilinx's willful infringement of the '527 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures II respectfully requests the following relief:

a. A judgment that Xilinx has infringed the '527 patent;

b. A judgment that Intellectual Ventures II be awarded damages adequate to compensate Intellectual Ventures II for Xilinx's past infringement and any continuing or future infringement of the '527 patent up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Xilinx's infringement, an accounting:

c. That this case is exceptional under 35 U.S.C. § 285;

d. A judgment requiring that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and

e. A judgment that Intellectual Ventures II be awarded such further relief at law or equity

as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Intellectual Ventures II hereby demands trial by jury on all claims and issues so triable.

DATED:  February 8, 2012

Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com

By:   /s/  *Ameet A. Modi*
Ameet A. Modi

*Attorneys for Defendants*